UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEITH McILWAIN,

          Petitioner,

          V.

MICHAEL K. NALLEY, Warden,
FCI Ray Brook

          Respondent.

**REPORT AND RECOMMENDATION**

02-CV-1046
(FJS/VEB)

---

## I. INTRODUCTION

Petitioner Keith McIlwain, acting *pro se*, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution located in Ray Brook, New York. He was convicted in September of 2000 upon pleas of guilty to federal drug charges and sentenced by the United States District Court for the Western District of New York to a term of imprisonment. Petitioner contends that the particular sentence imposed by the court was imposed in violation of his rights under the Constitution and federal statutory law and accordingly requests that this Court modify his sentence, direct that a correction be made to certain records maintained by the Bureau of Prisons, and order the Bureau to transfer Petitioner to another correctional facility.

    On August 9, 2007, the Honorable Norman A. Mordue, Chief United States District Judge, referred the instant case to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 20).

## II. BACKGROUND

**A.    Facts**

The following facts and procedural history, which appear to be undisputed, are derived from the electronic dockets maintained by the Clerk of the United States District Court for the Western District of New York and the Respondent's Response to the Petition. On August 20, 1990, Petitioner was convicted of conspiracy to distribute cocaine and sentenced by the Honorable Richard Arcara, United States District Judge,[1] in the Western District of New York to a term of forty (40) months imprisonment, to be followed by five (5) years of supervised release. (WDNY, Case No. 90-CR-41). Petitioner thereafter filed a motion to correct sentence pursuant to 28 U.S.C. § 2255, which was denied by Judge Arcara. (Docket No. 29, WDNY, 91-CV-165). Petitioner was released from prison in September 1993, and began serving the term of supervised release imposed by Judge Arcara.

In May of 1998, a sealed indictment was entered in the Western District of New York against Petitioner and several co-defendants. (Docket No. 18, WDNY, 98-CR-72). On May 11, 2000, Petitioner entered a plea of guilty to certain of the charges in the indictment. In addition, he waived indictment and pled guilty to other charges that were apparently not included in the original indictment. (WDNY, 00-CR-75).

On September 12, 2000, the Honorable William M. Skretny, United States District Judge, sentenced Petitioner to concurrent terms of 144 months (98-CR-71) and 120

---

[1] Judge Arcara is now the Chief United States District Judge for the Western District of New York.

months (00-CR-75) for various narcotics-related offenses. Judge Skretny also sentenced Petitioner to current terms of five and three years of supervised release.

On February 20, 2001, Judge Arcara sentenced Petitioner to a twenty-four (24) month term of imprisonment for violating the terms of his supervised release, to run consecutive to the term of imprisonment imposed by Judge Skretny.[2]

Petitioner filed a second motion to correct sentence pursuant to 28 U.S.C. § 2255 before Judge Arcara on June 21, 2001. (Docket No. 44, WDNY, 01-CV-441). Judge Arcara denied the motion in an Order entered on May 16, 2002. (Docket No. 55, WDNY, 01-CV-441). The Second Circuit denied a certificate of appealability, finding that Petitioner had not made a "substantial showing of the denial of a constitutional right." (Docket No. 58, WDNY, 01-CV-441).

Petitioner filed a third motion to correct sentence pursuant to 28 U.S.C. § 2255 before Judge Skretny on July 19, 2001. (Docket No. 249, WDNY, 01-CV-517S). Judge Skretny denied the motion in a Decision and Order entered on October 6, 2003. (Docket No. 292, WDNY, 01-CV-517S).

### III. DISCUSSION

Petitioner asserts three (3) claims in support of the instant Petition. First, Petitioner argues that his pre-sentence report contained errors regarding state court convictions and warrants, which errors should be corrected pursuant to the Privacy Act, 5 U.S.C. § 552a (d) (2). Second, Petitioner argues that the 1990 sentence imposed by Judge Arcara was

---

[2] Although the record is not clear as to this point, it appears that the supervised release violation was the criminal conduct that Petitioner acknowledged in the guilty pleas entered before Judge Skretny.

based upon the allegedly incorrect information contained in his pre-sentence report and that the government did not timely lodge a detainer, in violation of his due process rights. Third, Petitioner seeks an order directing the Bureau of Prisons to transfer him to a different correctional facility. This claim is based upon the argument that, but for the allegedly incorrect information contained in his pre-sentence report, Petitioner would have been imprisoned in a correctional facility closer to his home. This Court will address each claim in turn.

### A.  Privacy Act

Petitioner does not challenge his underlying convictions, which were the result of guilty pleas. Rather, Petitioner seeks an amendment of his pre-sentence report to correct certain alleged errors regarding the status of state court convictions and warrants. This claim appears to be brought pursuant to the Privacy Act. 5 U.S.C. § 552a(d).

Although the Privacy Act and other federal law might provide Petitioner with an avenue for obtaining relief in the form of an amendment to his records, a habeas corpus petition pursuant to 28 U.S.C. § 2241 is not the proper method by which to assert such a claim. See Bryan v. Quinlan, 528 F. Supp. 930, 932-33 (S.D.N.Y. 1981) (holding that habeas corpus petition was not proper remedy for a petitioner making Privacy Act claim); Blanton v. Schultz, 05-CV-0001, 2005 WL 3507969, at *3 (E.D.Cal. Dec. 21, 2005) ("Moreover, Petitioner purports to rely on the Privacy Act, but cites no cases to support a finding that a Privacy Act claim is proper in a habeas petition.").[3]

---

[3] Further, Petitioner brings this action against the warden of the federal correctional institution located in Ray Brook, New York. However, "[b]ecause the proper defendant in a Privacy Act action is an agency and not individual employees," Petitioner's Privacy Act claim must be dismissed. Adams v. Compton, 04-CV-00258, 2005 WL 2006975, at *11 (W.D.Va. Aug 17, 2005) (citing Armstrong v. Bureau of Prisons, 976 F.Supp. 17, 23 (D.D.C.1997)); Seba v. Digenova, 1987 WL 9231, at *4 (D.D.C. Mar. 24,

Although this Court recognizes that the Petition must be construed liberally due to the fact that Petitioner is *pro se*, "[t]his is not a matter of technical pleading." Bryan, 528 F. Supp. at 932. "It is a matter of substance that the procedures specified for the assertion of claims be followed, whether the litigants are represented by counsel or appear *pro se*." Id.

In any event, even if the claim had been asserted in a proper action, Petitioner would not be entitled to the requested relief. Petitioner seeks an injunction directing the Bureau of Prisons to amend his pre-sentence report. Even if Petitioner had properly asserted a Privacy Act claim, such an injunction could not be granted against the Bureau of Prisons, which maintains the record in question. Davis v. Driver, 05cv419, 2007 WL 2220997, at *3 (E.D.Tex. Aug. 2, 2007) (noting that "prisoner is not entitled to injunctive relief to correct allegedly inaccurate information maintained in his file") (citing 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97); Doyon v. U.S. Dept. of Justice, 304 F.Supp.2d 32, 34 (D.D.C. 2004) ("Records maintained in BOP's Inmate Central Record System, including inmates' presentence investigation reports, are exempt from the Privacy Act's amendment provisions."); see also Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (noting that Privacy Act does not provide for injunctive relief against BOP).

Accordingly, this Court finds that Petitioner's request for an injunction directing an amendment to his pre-sentence report pursuant to the Privacy Act should be DENIED.

**B.    Collateral Attack on Sentence Imposed by Judge Arcara.**

In his second claim, Petitioner challenges the sentence imposed by Judge Arcara

---

1987)).

5

in 2001, which was based upon Petitioner's violation of the terms of supervised release. Petitioner's argument appears to be that but for the inaccurate information contained in his pre-sentence report, he would have completed his term of supervised release at the time of his subsequent criminal conduct and, thus, would not have been subject to additional imprisonment based upon the supervised release violation.

It is well-settled in this Circuit that a petition filed pursuant to § 2241 "generally challenges the execution of a federal prisoner's sentence," rather than the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir.2001). A § 2241 petition is generally the appropriate vehicle to raise claims arising from prison conditions or a prison official's computation of a prisoner's sentence. Id.; see also Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition).

"In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" Jiminian, 245 F.3d at 147 (quoting 28 U.S.C. § 2255, ¶ 1).

Petitioner's claim appears to relate to the constitutionality of the sentence imposed by Judge Arcara in connection with the supervised release violation. Specifically, he argues that the sentencing court's conclusion that a supervised release violation had occurred was based upon erroneous information. This type of claim should have been brought under § 2255. Brooks v. United States, No. CV 06-1728, 2007 WL 1655775, at *2

(E.D.N.Y. June 5, 2007)("'[N]o matter what title the prisoner plasters on the [application's] cover ... [i]t is the substance that controls' and a petitioner cannot avoid the requirements of § 2255 by 'inventive captioning.'") (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir.2004)).  As noted above, Petitioner already filed three motions pursuant to § 2255, all of which appear to have been denied on the merits.

In this Circuit, a district court faced with a petition attempting to raise claims pursuant to § 2241 that were raised or should have been raised in a prior § 2255 motion has two options: it can "treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification, . . . or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction." Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004).

With respect to this issue, the Second Circuit has held that a § 2255 motion is not inadequate or ineffective "simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." Adams, 372 F.3d at 135 (citing Jiminian, 245 F.3d at 147-48).

In the present case, there is nothing in the record to indicate that Petitioner's argument concerning the sentence imposed by Judge Arcara was unavailable to him on direct appeal or in his prior § 2255 petitions.  Moreover, Petitioner also makes no claim of actual innocence, which is generally required to establish that a motion under § 2255 would be inadequate or ineffective to test the legality of his detention. See Bellomo v. United States, 344 F.Supp.2d 429, 434 (S.D.N.Y. 2004) (citing Cephas v. Nash, 328 F.3d 98, 104

(2d Cir.2003)).

This claim should therefore be dismissed because Petitioner "cannot demonstrate that a § 2255 motion would be inadequate or ineffective to test the legality of his present detention because the petition does not raise a serious constitutional question and the issues raised in the instant petition could have been raised . . . in an earlier motion under § 2255." Bostic v. Williamson, No. 04-CV-0769E, 2004 WL 2271386, at *4 (W.D.N.Y. Sept. 30, 2004); Gordon v. Craig, 05-CV-0730, 2005 WL 1719763, at *2 (N.D.N.Y. July 22, 2005) ("While it unclear whether Gordon raised the present claims in a § 2255 motion, it appears he could have raised them. He cannot not [sic] now resort to § 2241 merely to save his claims, which are now most likely time-barred."); Joost v. Apker, 476 F. Supp.2d 284, 291 (S.D.N.Y. 2007) (dismissing § 2241 petition because petitioner did "not assert any claim of actual innocence or any other reason why the failure of collateral review on his stated grounds would raise a serious constitutional question . . . [and] provide[d] no reason why he could not have asserted his present argument in his earlier § 2255 motion . . . .).

Lastly, in addition and in the alternative, this Court lacks jurisdiction to consider a § 2255 challenge to the sentence imposed by Judge Arcara, because a motion under § 2255 "seeking release because of an unconstitutional sentence must be brought in the court that imposed the sentence," which in this case would be the Western District of New York. Johnson v. United States, 04-CV-1378, 2007 WL 804261, at *1 (N.D.N.Y. Mar. 14, 2007).

Accordingly, this claim should also be DENIED.

### C.     Location of Correctional Facility

In his third and final claim for relief, Petitioner asserts that the Bureau of Prisons should be directed to reduce his security designation and transfer him to a correctional

facility closer to his home.  As a threshold matter, it should be noted that this type of claim is properly asserted in a § 2241 petition, unlike the claims discussed above in Sections III A & B.  See Jiminian, 245 F.3d at 146 (noting that § 2241 is proper vehicle to challenge "prison transfers, type of detention and prison conditions").

However, even had Petitioner properly challenged his detention, he would not be entitled to the relief requested.  "Congress has granted exclusive authority to the Attorney General (and the Bureau of Prisons) to designate the place of confinement for federal prisoners." Kornegay v. Federal Bureau of Prisons, 07-CV-3990, 2007 WL 2907326, at *1 (E.D.N.Y. Oct. 4, 2007) (citing 18 U.S.C. § 3621; 18 U.S.C. § 4082). Indeed, "[a] sentencing court has no authority to order that a convicted defendant be confined in a particular facility, . . . those decisions are within the sole discretion of the Bureau of Prisons." United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995).

The Bureau of Prison's discretion in classifying prisoners and designating them to particular facilities is "virtually unfettered." Gissendanner v. Menifee, 975 F.Supp. 249, 251 (W.D.N.Y.1997) (citing Rosenberg v. Meese, 622 F.Supp. 1451, 1470 (S.D.N.Y.1985)); see also Bagarozy v. Wiley, 98-CV-1845,1999 WL 33504439, at *5 (N.D.N.Y. Oct. 26, 1999) ("The BOP has full authority to promulgate rules governing the treatment and classification of prisoners."); Gabin v. United States, 04 Civ.3898, 2005 WL 39682, at *3 (S.D.N.Y. Jan. 10, 2005) ("The question of where a federal sentence should be served, however, is a matter entirely within the purview of the BOP, not the sentencing court.").

In the present case, Petitioner has failed to establish that the Bureau's decision is arbitrary or capricious and has not demonstrated any clear entitlement or right to be relocated to a particular correctional facility.  Accordingly, this Court finds that Petitioner is

not entitled to relief based upon this claim and it should be DENIED.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Keith McIlwain's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. <u>See</u> 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

DATED:   January 7, 2008

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

January 7, 2008

_____
Victor E. Bianchini
United States Magistrate Judge